UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| GREGORY MILES, #04-A-1587, | **REPORT, RECOMMENDATION and ORDER** |
| Plaintiff, | 11-CV-00671(S)(M) |
| v. | |
| LIEUTENANT LEVAC; C.O. C. CARROLL; C.O. NULL, | |
| Defendants. | |

_____

This case was referred to me by Hon. William M. Skretny for preparation of a Report and Recommendation on dispositive proceedings [38].[1] Before me is defendants' motion for summary judgment [32] and plaintiff's motion for leave to file a Second Amended Complaint [46]. For the following reasons, plaintiff's motion is denied, and I recommend that defendants' motion be granted in part and denied in part.[2]

**BACKGROUND**

Plaintiff, an inmate, commenced this action *pro se* pursuant to 42 U.S.C. §1983 against various employees of the New York State Department of Corrections and Community

---

[1] Bracketed references are to the CM/ECF docket entries.

[2] Since my denial of plaintiff's motion for leave to amend is based on his failure to meet the good cause requirement of Fed. R. Civ. P. ("Rule") 16, I have addressed this motion by Order rather than by Report and Recommendation. *See* Sentry Insurance v. Brand Management Inc., 2012 WL 3288178, *2 n. 4 (E.D.N.Y. 2012) ("[C]ourts have routinely applied the 'clearly erroneous' standard of review where, as here, the ruling is based on procedural grounds, such as the movant's failure to satisfy the 'good cause' requirement of Rule 16"); Point 4 Data Corp. v. Tri-State Surgical Supply & Equipment, Ltd., 2012 WL 3306612, *2 (E.D.N.Y. 2012).

Supervision ("DOCCS") alleging that he was assaulted on August 13, 2010, while an incarcerated at Five Points Correctional Facility. Complaint [1].

It is undisputed that on the evening of August 13, 2010, plaintiff fell in the shower area of his cell. Defendants' Statement of Undisputed Facts [32-1], ¶9.[3] A nurse applied a neck brace and he was transported on a gurney to medical by defendant Correction Officers Matthew Null and Pungross Carroll, where he was placed into infirmary room 4. Id., ¶¶10, 12, 14. Thereafter, defendant Lieutenant Tad Levac arrived. Id. ¶16. At this point, the parties' versions of events diverge.

According to defendants, plaintiff's injuries were self-inflicted. They state that plaintiff, who had been diagnosed with mental illnesses and had a history of being suicidal (defendants' Statement of Undisputed Facts [32-1], ¶¶4, 8), was banging his back and head on a metal radiator in infirmary room 4 and threatened to hang himself. Levac Declaration [35], ¶¶5-6; Null Declaration [36], ¶¶6-7; Carroll Declaration [34], ¶¶5-8. When he refused orders to stop harming himself, mental health unit staff were called in and he was moved to a different room under a mental health watch, where he continued to slam his face on the floor until he was sedated. Levac Declaration [35], ¶7; Null Declaration [36], ¶¶8-11; Carroll Declaration [34], ¶¶9-12. Each defendant denies using any force against plaintiff. Levac Declaration [35], ¶8; Null Declaration [36], ¶12; Carroll Declaration [34], ¶13.

Defendants argue that their version of events is confirmed by contemporaneous documentation, including the Unusual Incident Report ([35-1], Bates nos. 00034-38), Inmate

---

[3] Defendants have not taken issue with plaintiff's failure to submit a corresponding Statement of Disputed Facts.

Behavior Report charging plaintiff with inflicting bodily harm upon his person and failing to obey staff orders (id., Bates nos. 00044-45), and their written statements following the incident (id., Bates Nos. 00048-00049, 00089).

By contrast, plaintiff submits a declaration stating that he "was attacked by officers Matthew Null and Carroll upon Lieutenant Levac's orders". Plaintiff's Declaration [40], p. 1.[4] He states that "officers took me by my handcuffed hands and legs and threw me into a wall next to a window in which I bounced off and onto a mattress placed on the floor where I suffered a broken rib. Officer . . . Null drew back his fist in a closed hand and struck me in the face causing my nose to be broken". Id. Although plaintiff conceded at his deposition that his actual memory of the events of August 13, 2010 were "[a] little vague" (plaintiff's deposition transcript [33-1], p. 48), he denied having problems with blacking out or that his memory was impacted by his mental health medications. Id., pp. 47-48.

## ANALYSIS

A.   **Defendants' Motion for Summary Judgment**

   1.   **Summary Judgment Standard**

It is well settled that "[s]ummary judgment is appropriate only where, construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Rivera v. Rochester Genesee Regional Transportation

---

[4]   Although this document is captioned "Motion for Summary Judgment", it was agreed at the May 30, 2013 proceeding that it would be deemed his Declaration in opposition to defendants' motion for summary judgment. May 30, 2013 Text Order [43].

Authority, 702 F.3d 685, 693 (2d Cir. 2012). "An issue is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party. . . . The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff.'" Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011), cert. denied, __ U.S.___, 132 S.Ct. 1744 (2012) (*quoting* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)) (emphasis in original). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249–50.

However, "[a]ssessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment". Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996). Thus, generally, "[t]he evidence of the non-movant is to be believed". Anderson, 477 U.S. at 255. It is only "in the *rare circumstance* where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete," that the court may conclude that no reasonable jury would credit the plaintiff's testimony. Jeffreys v. City of New York, 426 F.3d 549, 554 (2d Cir. 2005) (emphasis added). Nevertheless, "courts should not engage in searching, skeptical analyses of parties' testimony in opposition to summary judgment". Rivera, 702 F.3d at 693.

1.   **Deliberate Indifference**

Defendants correctly recognize that "[p]laintiff does not seem to complain that Defendants were deliberately indifferent". Defendants' Memorandum of Law [32-2], p. 5. Indeed, Judge Telesca's initial Order addressing plaintiff's request for *in forma pauperis* status

4

also recognized that plaintiff's Complaint alleged that "he was assaulted by the defendants . . . , and suffered injuries from the assault". [6], p. 1 of 3.  However, defendants argue that, to the extent the Complaint can be interpreted as alleging that defendants were deliberately indifferent to his medical needs, such claim should be dismissed.  Id., pp. 5-7.  Plaintiff's opposition, which centers on the excessive force allegations,  fails to address this issue.  Therefore, I recommend that plaintiff's deliberate indifference claims (if any) be dismissed.  *See* Smith v. Riccelli Brokerage Services, LLC, 2011 WL 2007209, *5 (W.D.N.Y. 2011) (Skretny, J.) (The *pro se* "[p]laintiff does not respond to Defendants' argument in her memorandum of law, thus it appears she concedes there is no aider and abettor liability"); Felske v. Hirschmann, 2012 WL 716632, *3 (S.D.N.Y. 2012) ("A plaintiff effectively concedes a defendant's arguments by his failure to respond to them").

    **2.**    **Excessive Force**

The defense to plaintiff's claims is straightforward:  defendants argue that "[t]here was no use of force against Plaintiff on August 13, 2010".  Defendants' Memorandum of Law [32-2], p. 5.  Defendants' acknowledge plaintiff's conflicting version of events, but argue that "[p]laintiff's self-serving allegations are so completely contradicted by the facility's records and Defendants' sworn declaration that there can be no <u>genuine</u> dispute of material fact".  Id., p. 4 (emphasis in original).  I disagree.

Although defendants rely on Jeffreys to argue that there is no genuine issue of material fact (defendant's Memorandum of Law [32-2], p. 2), they do not argue that plaintiff has offered inconsistent versions of events or an incomplete account.  While  plaintiff's evidence may

be thin, "where a prisoner's allegations and evidentiary proffers could reasonably, if credited, allow a rational factfinder to find that corrections officers used force maliciously and sadistically, [summary judgment is improper] even where the plaintiff's evidence of injury was slight and the proof of excessive force was weak". Wright v. Goord, 554 F.3d 255, 269 (2d Cir. 2009). *See* Griffin v. Crippen, 193 F.3d 89, 91 (2d Cir. 1999) ("Although appellant's excessive force claim is weak and his evidence extremely thin, dismissal of the excessive force claim was inappropriate because there are genuine issues of material fact concerning what transpired after appellant was handcuffed and whether the guards maliciously used force against him"). "Plaintiff's testimony that he was beaten . . . stands in contrast to the seemingly overwhelming evidence that it did not occur as he alleges. Nonetheless, the weighing of such competing evidence, no matter how weak plaintiff's claim may appear, presents a question of credibility that must be left to the trier of fact." Cicio v. Lamora, 2010 WL 1063875, *8 (N.D.N.Y.), adopted, 2010 WL 1063864 (N.D.N.Y. 2010). *See* Vasquez v. City of New York, 2013 WL 5519981, *10 (E.D.N.Y. 2013) ("[T]he Court is not persuaded that Plaintiff's testimony, while often confused, is 'so replete with inconsistencies and improbabilities that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint'" *quoting* Jeffreys, 426 F.3d 551).

### 3. Qualified Immunity

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

reasonable person would have known". Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  But even where a right is well established, an official defendant may enjoy qualified immunity "if it was objectively reasonable for him to believe that his acts did not violate" that right.  Frank v. Relin, 1 F.3d 1317, 1328 (2d Cir.), cert. denied, 510 U.S. 1012 (1993).

It is undisputed that the right under the Eighth Amendment to be free from excessive force is clearly established.  Given the issues of fact as to what transpired, which cannot be resolved on this motion for summary judgment, defendants are not entitled to summary judgment based on the defense of qualified immunity.  See Johnson v. Hable, 2008 WL 4425544, *5 (W.D.N.Y. 2008) (Arcara, J./McCarthy, M.J.).  Therefore, I recommend that defendants' motion for summary judgment be denied to the extent it seeks dismissal of plaintiff's excessive force claim.

**B.     Plaintiff's Motion for Leave to Amend**

My Case Management Order [19] required motions for leave to amend to be filed by August 20, 2012 (id., ¶2) and neither party moved to extend this deadline.  Approximately 16 months after this deadline expired, and seven months after defendants moved for summary judgment, plaintiff first moved for leave to amend the Complaint to add Nurse Gardener and Nurse Stephens as defendants [44], which I denied for its failure to attach a proposed Amended Complaint and failure to demonstrate good cause for why it was not timely filed.  See December 23, 2013 Text Order [45].  Plaintiff responded with a second motion for leave to amend, which attaches the first page of a proposed Amended Complaint adding Nurses Baumgartner, Leone,

Stephens and Gardener ([46], p. 1 of 4)[5], and a Declaration from plaintiff (id., p. 3 of 4), stating upon "information and belief" that these nurses "conspired with officers to not give me medication for pain", "did not acess [*sic*] me after watching . . . break of my rib(s)", and "fail[ed] to intervene in giving me medical attention after seeing said act" (id., ¶2).

   Even construing plaintiff's submissions as collectively satisfying the Local Rule 15(a) requirement that his motion be accompanied by a proposed Amended Complaint, "[w]here, as here, a scheduling order governs amendments to the complaint, . . . the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Holmes v. Grubman, 568 F.3d 329, 334–35 (2d Cir. 2009), cert. denied, __ U.S.__, 131 S.Ct. 795 (2010).  *See* Carnrite v. Granada Hospital Group, Inc., 175 F.R.D. 439, 446 (W.D.N.Y.1997) (Arcara, J./Foschio, M.J.) ("[A] party seeking to amend a pleading after the date specified in a scheduling order must first show 'good cause' for the amendment under Rule 16(b); then, if good cause can be shown, the party must demonstrate that the amendment is proper under Rule 15(a)").

   Notwithstanding my denial of plaintiff's first motion for leave to amend for its failure to address the "good cause" requirement of Rule 16, his current motion again fails to offer any explanation, much less establish good cause, for his failure to seek leave to amend until after the deadline for amending pleadings and after briefing on defendants' motion for summary judgment was complete. Nor, given the length of the delay, timing of the motion, and manifest

---

[5]   The one-page proposed Amended Complaint ([46], p. 1 of 4) identifies these proposed defendants in the caption, but only contains a Jurisdiction and Venue section with no discussion of the particular allegations against these proposed defendants.

nature of these claims, do I see how plaintiff could demonstrate good cause. Therefore, plaintiff's motion is denied. See Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003) ("[W]hen the motion was filed, discovery had been completed and a summary judgment motion was pending. On this record we cannot say that the district court abused its discretion in denying the plaintiffs' motion to amend"); Enzo Biochem, Inc. v. PerkinElmer, Inc., 2013 WL 5943987, *4 (S.D.N.Y. 2013) ("[T]he Court will not entertain an amendment to the pleadings at this late date . . . , particularly because these new claims are raised in briefing papers for a summary judgment motion").

## CONCLUSION

For these reasons, plaintiff's motion for leave to file a Second Amended Complaint [46] is denied, and I recommend that defendants' motion for summary judgment [32] be granted to the extent it seeks dismissal of plaintiff's deliberate indifference claim (if any), but otherwise be denied.

Unless otherwise ordered by Judge Skretny, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by February 13, 2014 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: January 27, 2014

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge